IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRY LEROY JOHNSON, | § | |
| TDCJ-CID NO.542461, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-4350 |
| RICK THALER, | § | |
|     Respondent | § | |

OPINION ON DISMISSAL

Petitioner Harry Leroy Johnson, a state inmate proceeding *pro se*, challenges a conviction under cause number 543659 for unauthorized use of a motor vehicle in the 230th District Court of Harris County Texas, for which he received a twenty-five year sentence. (Docket Entry No.1).

Petitioner has sought federal habeas relief from this conviction in several other habeas actions in this Court. *See Johnson v. Thaler*, Civil Action No.4:10-2724 (S.D. Tex. Oct. 5, 2011). In this case, as in Civil Action No.4:10-2724, petitioner has not alleged that he obtained permission from the Fifth Circuit Court of Appeals to file a successive petition. Title 28 U.S.C. § 2244(b)(3)(A) provides that *before* a second or successive application permitted by section 2244(b)(2) is *filed* in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 2244(b)(3)(A), which became effective April 24, 1996, creates a "gatekeeping" mechanism at the appellate court for the consideration of second or successive applications in the district courts. *Felker v. Turpin,* 518 U.S. 651, 654 (1996). Specifically, it "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id*. at 664. Permission may be obtained only by filing, with the

1

appropriate appellate court, a motion for authorization to file a successive habeas petition with the district court. *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997) (detailing the procedure for obtaining authorization from the appellate court). The court of appeals may authorize the filing of a second or successive application for habeas relief only if it determines the application makes a *prima facie* showing that the application satisfies the requirements set forth in 28 U.S.C. § 2244(b)(2).

Because petitioner has not shown that he obtained the appropriate appellate court permission to file a successive federal habeas petition as required by 28 U.S.C. § 2244(b)(3)(A), this Court has no authority to consider his request for relief. Consequently, this Court lacks subject matter jurisdiction to consider petitioner's application for a writ of habeas corpus.

Accordingly, the pending habeas petition is DISMISSED without prejudice to petitioner seeking authorization from the court of appeals to proceed in this Court on any new claims. Petitioner's application to proceed *in forma pauperis* (Docket Entry No.3) is DENIED. All other pending motions are DENIED.

Petitioner has not made a substantial showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that such jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beazley v. Johnson,* 242 F.3d 248, 263 (5th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For this reason, this Court finds that a certificate of appealability should not issue in this case.

It is so ORDERED.

SIGNED at Houston, Texas, this 18th day of January, 2012.

                                        MELINDA HARMON
                              UNITED STATES DISTRICT JUDGE